ROBERT L. GREENE *vs.* JAMES A. WILLIAMS.

PROVIDENCE—MARCH 29, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Foreign Corporations. Receivers.*

The Supreme Court has no power to appoint a receiver of a foreign corporation doing business in Rhode Island.

(2) *Receivers.*

A receiver *pendente lite* takes no title to the property of the corporation, but simply a right of possession as an officer of the court.

(3) *Garnishment. Receivers.*

X. was appointed temporary receiver of a foreign corporation. In an action on the case against X., who had been charged as garnishee of the property of the corporation, in a former action, by default, X. pleaded the delivery to the officer, on execution, of an affidavit setting forth that the property in his hands was held by him not as trustee for the corporation but for its creditors. On petition for new trial :—
*Held*, that the appointment was void, and no rights in the property were affected. Hence X. held the property as trustee for the corporation.

CASE against a garnishee in a former action who had been charged by default. See opinion reported in 21 R. I. 100. Heard on petition of defendant for new trial, and new trial denied.

STINESS, C. J. The opinion in this case in 21 R. I. 100, stated that if the plaintiff substantiated his replications to the defendant's plea, it would show a failure by the defendant to comply with the statute. There is practically no dispute about the facts. Hence, the question was really decided on the demurrer. The defendant's argument on this petition assumes that he held the property as trustee for the creditors at the time of the garnishment, and that it was in the custody of the law, and so exempt from attachment. The defendant, it is true, was appointed a temporary receiver of the Davis Paper Company, but, as it was a foreign corporation, this court had no jurisdiction to appoint a receiver.

*Stafford* v. *American Mills,* 13 R. I. 310. This being so, the appointment of the temporary receiver was void, and, consequently, no rights in the property were changed or affected. The defendant had posession of it, but not as an officer of the law. It is only where property is lawfully taken by virtue of legal process that it is in the custody of the law. *Burr* v. *Mathers,* 51 Mo. Ap. 470.

The defendant, therefore, held the property as the property of the corporation and as trustee for the corporation. He was a temporary receiver. A corporation retains the title to its property until it is decreed to be insolvent and a permanent receiver is appointed, who then becomes trustee for the creditors.

The decree in the former suit was inadvertently entered, both as to the matter of jurisdiction and as to the recital that the receiver was to hold as trustee for the creditors.

(2)     A receiver *pendente lite* takes no title, but simply a right of possession as an officer of the court. "The title to the property is not changed by the appointment." Beach on Receivers, § 225; Smith on Receiverships, § 59; and cases cited.

(3)     The affidavit given to the officer on the service of the execution stated that the defendant had no property of the corporation in his hands at the time of the garnishment. For the reasons stated it appears that he did have such property in his hands, and, therefore, the verdict was rightly directed to be returned for the plaintiff.

Petition for new trial denied.

*Stone & Lovejoy,* for plaintiff.

*P. H. Mulholland,* for defendant.